IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARDELL BELFOURE,

                    Plaintiff,                    Case No. 1:05 CV 0071

-vs-

                                                MEMORANDUM OPINION

MARGARET BRADSHAW, WARDEN,

                    Defendant.

KATZ, J.

Pending before the Court is the September 27, 2005, Report and Recommendation of the Magistrate Judge, recommending denying Petitioner's Writ of Habeas Corpus (Doc. No. 25). Petitioner filed his Objections to the Report and Recommendation on November 11, 2005 (Doc. No. 30). Respondent did not file a Response to Petitioner's Objections. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B)-(C), this Court has made a *de novo* determination of the Magistrate's findings to which Petitioner objects.

## BACKGROUND

On December 28, 2000, police received a robbery complaint (Doc. No. 11, Exhibit 13). In response, officers approached Petitioner, who fled when he saw the officers. *Id.* The officers gave chase, apprehended Petitioner, and recovered a handgun from him. *Id.*

A grand jury in Cuyahoga County, Ohio, issued an indictment against Petitioner for knowingly carrying or having concealed on his person a loaded firearm while under disability, specifically, being under indictment for trafficking in any drug of abuse (Doc. No. 11, Exhibit 1). A jury trial commenced on July 26, 2001, during which the trial judge permitted the jury members

to submit questions to be asked of witnesses, after review by the judge and counsel (Doc. No. 12). On August 13, 2001, the jury convicted Petitioner on both counts and sentenced him to serve, concurrently, a term of fifteen months in prison on count one and one year on count two (Doc. No. 11, Exhibit 10). The Court of Appeals of Ohio, Eighth Appellate District, affirmed the conviction on June 24, 2002 (Doc. No. 11, Exhibit 13). The Supreme Court of Ohio allowed the appeal and affirmed the Eighth Appellate District Court's decision (Doc. No. 11, Exhibits 21, 22).

Petitioner was incarcerated at Marion Correctional Institution ("MCI") when he filed this petition pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondent was the warden at MCI during Petitioner's incarceration. *Id.* However, as of July, 14, 2005, Petitioner is no longer incarcerated (Doc. No. 24).

### DISCUSSION

*A. Jurisdiction and Basis for Petition*

"A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States." *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002). A habeas corpus petitioner is statutorily required to be "in custody" at the time the petition is filed. 28 U.S.C. § 2254(a).

Although Petitioner is not currently incarcerated, he was confined at MCI on January 12, 2005, when he filed this Petition for Writ of Habeas Corpus (Doc. Nos. 3, 18). Petitioner alleges that the trial court committed *per se* reversible error when it permitted the jury to question witnesses (Doc. Nos. 1, 24). Petitioner asserts that the practice of juror questioning is *per se* unconstitutional and violates the rights guaranteed him under the Sixth and Fourteenth

2

Amendments to the United States Constitution. *Id.* Accordingly, this Court has jurisdiction over Petitioner's claims.

*B. Magistrate's Recommendation and Petitioner's Objection*

The Magistrate recommended denying Petitioner's Writ of Habeas Corpus, concluding that the Ohio courts had reasonably applied federal law (Doc. No. 25). Specifically, Petitioner failed to present any federal precedent supporting his position that the practice of juror questioning is *per se* unconstitutional. *Id.* Additionally, the Magistrate concluded that Petitioner's claim that the trial court violated his Sixth Amendment rights lacked merit. *Id.*

Petitioner objects to the Magistrate's finding that the practice of juror questioning is not *per se* unconstitutional (Doc. No. 30). Additionally, Petitioner asserts that although the underlying facts of the precedents he cites are distinguishable form the instant case, the overall principles support his petition. *Id.* Finally, Petitioner merely duplicates the arguments in his Traverse to Return of Writ verbatim, citing no other precedent that might persuade this Court not to adopt the Magistrate's Report and Recommendation (Doc. Nos. 24, 30).

*C. Standard for Granting a Writ of Habeas Corpus*

A writ of habeas corpus will not be granted unless the adjudication of a claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 412-13 (2000) (*citing* 28 U.S.C. § 2254(d)).

3

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams,* 529 U.S. at 412-413. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* "The petitioner has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation." *Caver v. Straub*, 349 F.3d 340, 351 (6th Cir. 2003) (*citing Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)).

*D. The Practice of Juror Questioning is Not Per Se Unconstitutional*

Petitioner, in his objections to the Magistrate Judge's Report and Recommendation, erroneously asserts that the practice of juror questioning is *per se* unconstitutional under federal law (Doc. No. 30). To support his assertion, Petitioner proffers three arguments. *Id.* First, the practice of juror questioning impairs juror objectivity. *Id.* Second, the practice of juror questioning initiates premature deliberation. *Id.* Third, the practice of juror questioning improperly limits the defendant's right to counsel. *Id.* Petitioner fails to present any alternative arguments that the practice is unconstitutional as applied to his case. *Id.*

The Sixth Circuit Court of Appeals has considered the issue of juror questioning and, while discouraging the practice, has held it is not *per se* unconstitutional. *See e.g.*, *United States v. Collins*, 226 F.3d 457, 461, 464-65 (6th Cir. 2000), *cert. denied*, 531 U.S. 1099 (2001); *United States v. Cannon*, 141 Fed. App'x 398, 402 (6th Cir. 2005). The Sixth Circuit in *Collins*, and

subsequent decisions, considered and rejected all of Petitioner's arguments. *Id*. Moreover, the Ohio Supreme Court's decision in *State v. Fisher*, 789 N.E.2d 222 (2003), which disposed of Petitioner's appeal, reasonably applied federal law in accordance with this reasoning. Indeed, every federal circuit court rejects the argument that juror questioning is *per se* unconstitutional, uniformly holding that the decision to allow the practice is squarely within the trial judge's discretion. *See e.g.*, *United States v. Bush*, 47 F.3d 511, 514-16 (2d Cir. 1995); *United States v. Richardson*, 233 F.3d 1285, 1288-89 (11th Cir. 2000); *Collins*, 226 F.3d 457, 461, 464-65.

## CONCLUSION

For the reasons stated above, this Court adopts the Report and Recommendation of the Magistrate Judge in its entirety (Doc. No. 25). Petitioner's Writ of Habeas Corpus is denied.. Further, under 28 U.S.C. §1915(a) an appeal of this case should not proceed *in forma pauperis* as it would not be taken in good faith. Motion for certificate of probable cause under 28 U.S.C. §2253 is hereby denied *sua sponte*.

IT IS SO ORDERED.

  S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE